ELIZABETHTOWN & PADUCAH R. CO. v. CONRAD KURTZ ET AL.

**Eminent Domain—Compensation to Owner.**

Just compensation to the owner for taking his property for public use without his consent, means the actual value thereof in money, without any deduction for estimated profit, or the advantages accruing to the owner for the public use.

**Same—Set-off.**

Speculative advantages or disadvantages, independent of the intrinsic value of the property from the improvements, are a matter of set-off against each other, and do not affect the dry claim for the intrinsic value of the property taken.

**Same—Just Compensation.**

As the owner of the land has the right to demand pay for that taken, notwithstanding that the use to which it may be put, ·may greatly enhance the value of the remaining land, he cannot be allowed to avail himself of this enhancement ˙ to increase the value of that for which the public is required to pay.

**Railroads—Damages for Taking Property for Right of Way—Rule.**

In an eminent domain proceeding for damages for taking property by a railroad company, no fact which does not certainly and absolutely have the effect of causing an immediate and definite depreciation of value shall be taken into consideration.

**Set-off and Counter-claim—Provisions in Charter of Railroad Company, For.**

Damages occasioned, danger of . fire, injuring of stock, inconvenience of hauling across the track, and discomfort by passing trains, are consequential, and are off-set by the provisions in the charter of a railroad company, providing, "advantages to such residue of property to be derived from the building and operating of said road by, through or near such residue ˮ

APPEAL FROM HARDIN CIRCUIT COURT.

October 24, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

This appeal is prosecuted from a judgment of the Hardin circuit court fixing the compensation to which appellees are entitled for the right of way granted through their lands to the Elizabethtown & Paducah Railroad Company.

We are of opinion that the appeal was properly prosecuted to this court. The provisions of the 38th section of the amended charter of said railroad company construed in connection with the 15th section of the Civil Code of Practice are conclusive upon this question.

By the judgment complained of appellees were allowed for four and three-quarter acres of land shown by the evidence not to exceed in intrinsic value thirty dollars per acre, the sum of $712.50, and also the further sum of $200 for additional fencing rendered necessary by the appropriation of such land. The 13th section of appellant's original charter empowers the railroad company to acquire the right of way by the condemnation of lands lying upon the line of its railway, and necessary for its construction and successful operation, in all cases in which it cannot agree with the owners of such land, and provides, that the jury (for whom the amended charter substitutes commissioners) "in estimating the damages shall find for the owner or owners the actual value of the land or other thing proposed to be taken, but in estimating damages resulting incidentally to the other land or property of such owners, shall offset the advantages to such residue to be derived from the building and operating of said road by, through or near such residence.

This is perhaps as broad and comprehensive a delegation of such authority as it is within the power of the legislative department of the State government to make. As has been repeatedly held by this court no citizen can be compelled to give his property to the public, and if it be taken for the public use, the citizen has the right to demand the full value of the thing taken, notwithstanding the fact that he may with others be incidentally benefited by its appropriation. *Sutton Heirs v. City of Louisville, 5th Dana, 26; Rice, &c., v. D. S. & T. R. Railroad Co., 7th Dana, 81; Jacob v. City of Louisville, 9th Dana, 114.* Mr. Sedgewick accepts as correct the doctrine of Chancellor Kent "that a just compensation to the owner for taking his property for public use without his consent, means the actual value of the property in money, without any deduction for estimated profit, or advantages accruing to the owner for the public use of his property. Speculative advantages or disadvantages, independent of the intrinsic value of the property from the improvements are a matter of set-off against each other, and do not affect the dry claim for the intrinsic value of the

property taken." *Sedgewick on Damages, 566; Kent's Com., Vol. 2, page 339.* .

In the application of this doctrine, this court has held (and we think correctly) that the intrinsic value of the land taken, is to be ascertained by determining what it is worth to the person from whom it is taken, all the surrounding circumstances being considered.  "Just compensation means something more than the market value of the land appropriated, considered as a separate tract.  The real question is what would be its value to the owner, situated as it is, if he did not own it, but owned the adjacent lands on both sides of it.  *Hen. & Nash. R. Co. v. Dickerson, 17th B. Monroe, 178.*  In determining this question it should be borne in mind that as the owner, has the right to demand pay for the land taken, notwithstanding the fact that the use to which it is to be put, may greatly enhance the value of his remaining land, that he cannot be allowed to avail himself of this enhancement to increase the value of that for which the public is required to pay.

It seems to this court that the simplest, and perhaps the most certain rule, by which to ascertain the actual value to the owner of the land taken, is to ascertain first, what would be the actual cash value of his entire tract of land, not including the enhancement brought about by the contemplated public improvement, then (still excluding this enhancement), what would be its value after the appropriation of that portion sought to be condemned.  The difference between the value of the whole tract before and after the appropriation of that portion taken by the public, must of necessity be equal to the value of that appropriated to the person from whom it is taken.  ·What particular circumstances, or inconveniences growing out of the separation of the original tract into two or more parcels, should be considered by courts or juries, in adjusting the difference in the value before and after such separation, cannot from the very nature of the case be indicated or defined.

The peculiar facts and surroundings of each particular case, must of necessity exercise a controlling influence in the settlement of the questions therein involved.  There is no rule, however, which should prevail in all cases, no fact which does not certainly and absolutely have the effect of causing an immediate and defineable depreciation of value, should be taken into consideration.

Inconveniences and disadvantages   not   growing   out   of   the

appropriation of the land, but out of the construction and use of the improvements such as additional fencing rendered necessary, *L. & N. R. Co. v. Glazebrook, 1st Bush, 325.* Danger of fires, or of injuring stock, the inconvenience of hauling across the railroad or other public work, and the discomfort and danger occasioned by passing trains, &c., may be said to follow the construction of the improvement and the use to which it is being put, and not the mere appropriation of the land. Damages thereby occasioned are consequential against which the appellants charter authorizes the advantages to the land not taken to be set off.

The principles herein declared differ essentially from those by which the judge of the county court was governed in making up his judgment, and as their observance will lead to conclusions different from those reached by him, and materially reduce the amounts adjudged to appellees, his said judgment must be reversed.

The cause is remanded for further proceedings not inconsistent with this opinion.

*Bigger & Moss, Pindell,* for appellant.

*Wilson, Brown & Murray,* for appellee.